UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 15-1192-KK | Date: | June 14, 2019 |

Title: *Joshua C.[1] v. Nancy A. Berryhill, Acting Commissioner of Social Security[2]*

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:** (In Chambers) Order re: Motion for Authorization of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 22]

On May 23, 2019, Plaintiff Joshua C.'s counsel, Michelle J. Shvarts of Disability Advocates Group ("Counsel"), filed a Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). See ECF Docket No. ("Dkt.") 22. The Motion seeks attorney's fees in the amount of $9,230.50 for representing Joshua C. ("Plaintiff") in federal court. Id. at 1-2. However, Counsel failed to (1) file any proof Plaintiff was served with the Motion, and (2) provide authentication of the exhibits attached to the Motion.

Where counsel files a motion for fees in an action for social security benefits, counsel must provide a statement showing she sent a copy of the motion to the claimant. 20 C.F.R. § 404.1725(a)(7); see Holder v. Astrue, No. CIV.05-3521-PHX (RCB), 2009 WL 1363538, at *3 (D. Ariz. May 7, 2009) ("There is no question but that, when making section 406(b) applications, as here, attorneys are required to give notice to their clients as to the existence of such application." (internal quotation marks omitted)). Other courts evaluating applications for attorney's fees in the context of social security disability benefits have, therefore, required a proof of service on the plaintiff. See Atkins v. Astrue, No. C 10-0180 PJH, 2012 WL 5350265, at *5 (N.D. Cal. Oct. 29, 2012) (describing plaintiff's counsel's "failure to show that [plaintiff] received notice" of plaintiff's

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] The Court substitutes Nancy A. Berryhill, the current Acting Commissioner of Social Security, as Defendant in this action. Fed. R. Civ. P. 25(d).

counsel's motion under section 406(b) as a "deficiency" and denying the motion partly for this reason.). In addition, documents presented to the court in connection with attorney's fee requests typically should be authenticated. See Obadagbonyi v. Sky Recovery Servs., Ltd., No. 3:10-CV-0226-LRH-RAM, 2010 WL 3636330, at *1 (D. Nev. Sept. 10, 2010) (denying request for attorney's fees in a FDCPA matter without prejudice because an "unsigned, unauthenticated, and redacted document" was insufficient to "establish the fee rate and conditions of the contract necessary to support an award of fees pursuant to the offer of judgment."); see also Fed. R. Evid. 901 (establishing general requirements of authenticating or identifying an item of evidence).

Here, Counsel failed to provide evidence she sent a copy of the Motion to Plaintiff. 20 C.F.R. § 404.1725(a)(7). While Counsel's Motion provides "Attached as Exhibit A is a true and correct copy of the letter sent to Plaintiff informing him of this motion. (See Exhibit A)," dkt. 22 at 2, there is no indication in Exhibit A that the letter was actually sent to Plaintiff, and as discussed below, Counsel did not file a declaration authenticating this attachment. Therefore, the Court cannot conclude Counsel fulfilled her obligation to provide adequate notice of the Motion to Plaintiff.

Additionally, Counsel attaches exhibits to the Motion which include, among others, "a true and correct copy of the letter sent to Plaintiff informing him of this motion"; "a copy of the Notice of Award and Confirmation of withholding"; and "the fee agreement dated July 24, 2015". Dkt. 22 at 2-4. These attachments are not authenticated or accompanied by a declaration of Counsel. Without a sworn declaration from Counsel, the Motion's attachments are insufficient on their own to support the Motion.

Accordingly, Counsel's Motion is DENIED without prejudice.

**IT IS SO ORDERED.**