UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1192-KK | Date: | June 27, 2019 |

Title: *Joshua C.[1] v. Andrew Saul, Commissioner of Social Security[2]*

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order re: Motion for Authorization of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 25]

On June 20, 2019, Plaintiff Joshua C.'s counsel, Michelle J. Shvarts of Disability Advocates Group ("Counsel"), filed a second Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). ECF Docket No. ("Dkt.") 25. The Motion seeks attorney's fees in the amount of $9,230.50 for representing Joshua C. ("Plaintiff") in federal court. Id. at 1-2. For the reasons set forth below, the Court denies the Motion without prejudice.

Where counsel files a motion for fees in an action for social security benefits, counsel must provide a statement showing she sent a copy of the motion to the claimant. 20 C.F.R. § 404.1725(a)(7); see Holder v. Astrue, No. CIV.05-3521-PHX (RCB), 2009 WL 1363538, at *3 (D. Ariz. May 7, 2009) ("There is no question but that, when making section 406(b) applications, as here, attorneys are required to give notice to their clients as to the existence of such application." (internal quotation marks omitted)). Other courts evaluating applications for attorney's fees in the context of social security disability benefits have, therefore, required a proof of service on the plaintiff. See Atkins v. Astrue, No. C 10-0180 PJH, 2012 WL 5350265, at *5 (N.D. Cal. Oct. 29, 2012) (describing plaintiff's counsel's "failure to show that [plaintiff] received notice" of plaintiff's counsel's motion under section 406(b) as a "deficiency" and denying the motion partly for this

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] The Court substitutes Andrew Saul, Commissioner of Social Security as Defendant in this action. Fed. R. Civ. P. 25(d).

reason.). In addition, documents presented to the court in connection with attorney's fee requests typically should be authenticated. See Obadagbonyi v. Sky Recovery Servs., Ltd., No. 3:10-CV-0226-LRH-RAM, 2010 WL 3636330, at *1 (D. Nev. Sept. 10, 2010) (denying request for attorney's fees in a FDCPA matter without prejudice because an "unsigned, unauthenticated, and redacted document" was insufficient to "establish the fee rate and conditions of the contract necessary to support an award of fees pursuant to the offer of judgment."); see also Fed. R. Evid. 901 (establishing general requirements of authenticating or identifying an item of evidence).

Declarations must generally "be signed and certified as true under penalty of perjury." See 28 U.S.C. § 1746; Carter v. Boeing Co., No. C15-1486 RSM, 2016 WL 4595164, at *1 (W.D. Wash. Sept. 2, 2016) (declining to consider a declaration of counsel offered in support of a summary judgment motion "because it fails to contain a[] certification under the penalty of perjury, or that it is even true or based on personal knowledge."). Unsworn declarations must "at least substantially comply with the requirements of 28 U.S.C. § 1746." Id. (citing Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd., 205 F.3d 1107, 1112 (9th Cir. 1999)).

Here, the Motion seeks to recover fees incurred representing Plaintiff in federal court. Counsel previously filed a motion for fees, dkt. 22, that was denied without prejudice because Counsel failed to (1) prove Plaintiff was served with the motion, and (2) properly authenticate the exhibits attached to the motion. Dkt. 24. The instant Motion is nearly identical to Counsel's first motion except that the instant Motion attaches an unsworn "Declaration of Michelle Shvarts in Support of Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)." Dkt. 25-1. Counsel's declaration purports to establish service of the Motion on Plaintiff and authenticate the attached exhibits. See Dkt. 25-2, Ex. A; Dkt. 25-1; 20 C.F.R. § 404.1725(a)(7). However, Counsel's declaration setting forth this information is not sworn under penalty of perjury pursuant to 28 U.S.C. § 1746. The unsworn declaration thus fails to cure the deficiencies previously identified. Hence, the instant Motion again fails to (1) prove Plaintiff was served with the Motion, or (2) properly authenticate the exhibits attached to the Motion.[3]

Accordingly, Counsel's Motion is DENIED without prejudice.

**IT IS SO ORDERED.**

---

[3] Additionally, Counsel states she attaches "the Notice of Award and confirmation of withholding" as Exhibit B to the Motion. Dkt. 25 at 3. However, it appears Exhibit B attached to the Motion is a May 18, 2019 letter from the SSA addressing an overpayment to Plaintiff, not an award letter. Id. at 13. Thus, even if Exhibit B had been properly authenticated, it does not constitute evidence of the total amount of benefits awarded to Plaintiff, which the Court must review to determine the reasonableness of Counsel's requested fee.